JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2102 PA (SSx) | Date | March 17, 2011 |
|---|---|---|---|
| Title | Justin Alvarez v. GE Money Bank, F.S.B., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant GE Money Bank ("Removing Defendant"). Removing Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). CAFA does not shift the burdens normally applied to removal actions. "[U]nder CAFA, the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). If the jurisdictional facts of the party asserting jurisdiction are challenged, the burden falls on the party asserting federal jurisdiction to provide competent proof. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). "The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand." Hofler v. Aetna US Healthcare, 296 F.3d 764, 767 (9th Cir. 2002); Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (holding that the principles of strict, narrow construction apply equally to cases removed pursuant to CAFA); see also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc., 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006) (stating that "CAFA is to be interpreted in a manner consistent with pre-CAFA federal law and is presumed not to alter traditional rules governing removal, save to the extent it does so explicitly") (collecting cases).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2102 PA (SSx) | Date | March 17, 2011 |
|---|---|---|---|
| Title | Justin Alvarez v. GE Money Bank, F.S.B., et al. | | |

To establish diversity jurisdiction pursuant to CAFA, the removing party must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.  See 28 U.S.C. § 1332(c), Abrego Abrego, 443 F.3d at 680 & 685.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Further, when a plaintiff fails to plead a specific amount of damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Abrego Abrego, 443 F.3d at 683; Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007 ) (when the plaintiff does not specify an amount of damages in class action lawsuit, for removal purposes, "Defendant must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000").  To make this determination, the court should consider, in addition to the complaint itself, "facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal."  Abrego Abrego, 443 F.3d at 690 (quoting Singer v. State Farm Mutual Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) (internal quotations omitted)).

Here, the Complaint is silent as to the amount in controversy.  Removing Defendant's Notice of Removal, however, alleges that "the amount in controversy in this putative class action exceeds $5,000,000 in the aggregate, exclusive of interest and costs" because the Complaint "seeks restitution of all monies paid by proposed class members for overlimit fees."  (Notice of Removal, ¶ 7 & 7(a).)  In support of this allegation, Removing Defendant relies on a declaration of one of its employees, who claims to have overseen a review of Removing Defendant's records "to determine whether the amount of overlimit fees billed to such persons in the putative class from January 14, 2007 to the present, after the expiration of the applicable promotional period exceeds $5,000,000.  Based on that review, I determined that the total amount of such fees would exceed $5,000,000."  (Declaration of John Murphy, ¶ 5.)

The problem with Removing Defendant's evidence in support of the amount in controversy exceeding $5,000,000, is that Removing Defendant appears to have based its analysis on all of the overlimit fees it assessed and charged after the expiration of its "interest free promo period" from all of its customers during the relevant time period rather than from just those customers who participated in the program through co-defendant Bassett Furniture Industries, Inc. ("Bassett").  Although the Complaint's class definition might be susceptible to an interpretation that the class is not limited to Bassett customers who participated in Removing Defendant's financing program, a review of the entire Complaint makes it clear that the only claims are those brought on behalf of Bassett customers.  Specifically, each of the Complaints claims is alleged against both Bassett and Removing Defendant.  Moreover, the Complaint's prayer for relief seeks a "judgment against Defendants jointly and severally."  Because Bassett could not be jointly and severally liable for claims brought against Removing Defendant for the claims of customers who participated in Removing Defendant's financing program through other retailers, the Court concludes that the amount in controversy alleged in this action must necessarily be limited to the claims of Bassett customers who participated in the program.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2102 PA (SSx) | Date | March 17, 2011 |
|---|---|---|---|
| Title | Justin Alvarez v. GE Money Bank, F.S.B., et al. | | |

The Notice of Removal and supporting declarations, however, contain no information concerning the amount of overlimit fees collected solely from Bassett customers who participated in the program. Removing Defendant has therefore failed to establish by a preponderance of the evidence that the amount in controversy in this matter exceeds $5,000,000. The fact that the Complaint also seeks punitive damages does not satisfy the amount in controversy requirement because without information concerning the amount of overlimit fees Removing Defendant collected from Bassett customers, the Court has no way to ascertain the potential amount of punitive damages.

      For all of the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action. The Court therefore remands this action to Los Angeles Superior Court, Case No. BC 454476. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.